IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TODD PEARSON, | ) FILED: MARCH 26, 2008 |
| | ) 08CV1754 NF |
| Plaintiff, | ) JUDGE GETTLEMAN |
| | ) MAGISTRATE JUDGE COX |
| v. | ) Civil Case No. 07-5387 |
| | ) |
| WORLD FINANCIAL NETWORK | ) |
| NATIONAL BANK, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### I.  Preliminary Statement

1.  This is an action for damages brought by consumers against the Defendant for violations of the Truth in Lending Act ("TILA"), the Fair Credit Reporting Act ("FCRA") and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ILCFDBPA").

### II.  Jurisdiction and Venue

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1640(a), 15 U.S.C. § 1693m, 28 U.S.C. §§ 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### III.  Parties

4.  Plaintiff Todd Pearson is a natural person and citizen of the State of Illinois, residing at 887 East Schirra Drive, Palatine, Illinois 60074.

5. World Financial Network National Bank is a business entity organized and existing under the laws of the United States of America that regularly conducts business in Cook County, Illinois.

6. Defendant regularly provides financing to customers of Harlem Furniture, LLC ("Harlem Furniture") which has a branch located at 40 East Rand Road, Arlington Heights, Illinois 60004 as well as in several other branches throughout the City of Chicago.

### IV.   Factual Allegations

7. In December of 2005 Plaintiff and his then fiancée, Lana Mathis ("Mathis"), purchased furniture from Harlem Furniture.

8. Plaintiff and his fiancée financed the purchase and paid off the balance of the loan within approximately four to six months.

9. In August of 2006, after their relationship was terminated, Mathis made a purchase from the aforesaid branch of Harlem Furniture in the amount of $7,986.46 on her own behalf. Plaintiff had no knowledge and no involvement in the purchase.

10. On August 27, 2006, Mathis signed a contract acknowledging her purchase of the merchandise from the aforesaid branch of Harlem Furniture and Mathis financed the purchase through Defendant.

11. When Mathis failed to pay off the entire balance of the loan, Defendant began contacting Plaintiff for payment.

12. As Plaintiff was never a co-borrower or co-signer for this recent purchase with Mathis, he initially refused to pay the balance of the debt.

13. Upon information and belief, when Mathis purchased the merchandise, Defendant used Plaintiff's information from his prior purchase with Mathis in 2005, and added his name to Mathis' 2006 purchase and financing.

14. On August 14, 2007, Plaintiff received a debt collection letter attempting to collect a balance of $10,603.37 from Plaintiff and shortly thereafter began receiving telephone calls attempting to collect on the debt.

15. In November of 2007, Plaintiff accessed his credit file with Experian Information Solutions, Inc. and discovered the WFNNB/Harlem Furniture account reported as a joint account with Mathis and as charged off/past due in the amount of $10,603.

16. Defendant has also inaccurately reported Plaintiff as owing money and being untimely on his payment on a loan for which he did not apply.

17. Plaintiff, in turn, has disputed the inaccurate information in writing with the credit reporting agencies following established procedures for disputing consumer credit information.

18. Notwithstanding Plaintiff's effort, the credit reporting agency has sent Plaintiff correspondence as recently as December of 2007 indicating its intent to continue publishing the inaccurate derogatory credit information after verifying the information in question with Harlem Furniture, LLC.

19. Additionally, Plaintiff has disputed the inaccurate information concerning the Harlem Furniture, LLC account directly with Defendant, following Defendant's procedure for disputes.

20. Defendant has failed to conduct timely and reasonable investigations and correct the inaccurate and derogatory credit reporting and also to correct the inaccurate billing.

21. As a result of Defendant's conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses, out-of-pocket expenses including, but not limited to, local or long distance telephone calls, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

21. As a result of Defendant's conduct, Plaintiff has suffered great embarrassment, humiliation, and emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

23. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

24. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

25. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and

in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## V.  Claims
### Count One – Truth in Lending Act

26.     Plaintiff incorporate the foregoing paragraphs as though the same were set forth at length herein.

27.     Pursuant to 15 U.S.C. § 1640(a) Defendant is liable to the Plaintiff for engaging in the following conduct:

> (a)     advising Plaintiff that he was responsible to pay the full amount of the unauthorized and fraudulent loan in violation of 15 U.S.C. § 1643;
>
> (b)     demanding that Plaintiff make payment for the interest on the full amount of the unauthorized and fraudulent loan in violation of 12 C.F.R. § 226(d)(1);
>
> (c)     reporting Plaintiff to the credit reporting agencies as owing money and being delinquent on his payments on a loan when Defendant knew that the loan was unauthorized and fraudulent and that Plaintiff had disputed the balance in violation of 15 U.S.C. § 1666a and 12 C.F.R. § 226.13(d)(2); and
>
> (d)     continuing to report Plaintiff as owing money and being delinquent in his payments on a loan after Plaintiff additionally disputed the inaccurate information with the credit reporting agencies when Defendant knew that the

loan was unauthorized and fraudulent and that Plaintiff had disputed the balance in violation of 15 U.S.C. § 1666a.

28. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, and actual damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## Count Two – Fair Credit Reporting Act

29. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30. At all times pertinent hereto, Defendant was a "person" as that term is defined by U.S.C. § 1681a(b).

31. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

    (a) willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff's disputed;

    (b) willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant;

    (c) willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

    (d) willfully and negligently failing to provide any and all credit reporting agencies with the factual information and evidence that Plaintiff submitted to Defendant, and which proved that the information concerning the Plaintiff's credit reports was inaccurate;

    (e) willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning the Plaintiff to credit reporting agencies and other entities; and

    (f) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

32.     Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, as may be permitted by law.

**Count Three – Illinois Consumer Fraud and Deceptive Business Practices Act**

33.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34.     Defendant's conduct of (upon information and belief) placing his name on a loan which Plaintiff did not apply for was deceptive and unfair and done solely to extort and obtain financial gain it was not otherwise entitled.

7

35. Defendant intended Plaintiff to rely on the aforementioned deceptive acts.

36. The deception of the Defendant occurred in the course of conduct involving trade or commerce.

37. Defendant's deception proximately caused Plaintiff's injuries.

WHEREFORE, Plaintiff requests that the Court:

    a. Enter judgment on his behalf against Defendant for all actual, punitive and other damages to which Plaintiff is entitled;

    b. Award attorney's fees, litigation expenses and costs; and

    c. Grant any other relief deemed just and appropriate

## VI. Jury Trial Demanded

37. Plaintiff demands trial by jury on all issues so triable.

## VII. Prayer For Relief

WHEREFORE, Plaintiff seek judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n and o;

(e) An order directing Defendant to immediately cease and desist from any and all attempts to collect the balance of the loan;

(f) An order directing Defendant to immediately cease and desist any inaccurate credit reporting regarding Plaintiff's alleged loan and to further correct any past inaccurate credit reporting regarding the same;

(g) An order directing Defendant to correct its inaccurate credit reporting; and

(h) Such other and further relief as may be necessary, just and proper.

                    Respectfully submitted,
                    **TODD PEARSON**

                    By: s/Larry P. Smith
                          Larry P. Smith

LARRY P. SMITH & ASSOCIATES, LTD.
205 N. Michigan Ave., Suite 4000
Chicago, IL 60601
Phone: (312) 222-9028
Fax:    (312) 602-3911
E-mail: lsmith@lpsmithlaw.com