IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TODD PEARSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.    08 C 1754 |
| | ) | |
| WORLD FINANCIAL NETWORK | ) | Judge Gettleman |
| NATIONAL BANK, | ) | |
| | ) | Magistrate Judge Cox |
| Defendant. | ) | |
| ———————————— | ) | |
| | ) | |
| WORLD FINANCIAL NETWORK | ) | |
| NATIONAL BANK, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LANA KAY MATHIS, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## ANSWER AND THIRD-PARTY COMPLAINT

Defendant/third-party plaintiff, World Financial Network National Bank ("Bank"), by its

attorneys, and for its answer to the Complaint of plaintiff, Todd Pearson ("Pearson"), and for its

complaint against third-party defendant, Lana Kay Mathis, states as follows:

## ANSWER

### Paragraph 1

**This is an action for damages brought by consumers against the Defendant for
violations of the Truth in Lending Act ("TILA"), the Fair Credit Reporting Act ("FCRA")
and Illinois Consumer Fraud and Deceptive Business Practices Act ("ILCFDBPA").**

**Answer to Paragraph 1**

Bank admits that this action purports to be one for damages brought by Pearson and asserting claims under TILA, FCRA, and ILCFDBPA. Bank denies the remaining allegation contained in this paragraph and specifically denies liability for Pearson's claims and denies that Pearson has suffered any damages as a result of any purported wrongful conduct by Bank.

**Paragraph 2**

**Jurisdiction of this Court arises under 15 U.S.C. § 1640(a), 15 U.S.C. § 1693m, 28 U.S.C. §§ 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.**

**Answer to Paragraph 2**

Bank admits that the Court has jurisdiction over this matter.

**Paragraph 3**

**Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).**

**Answer to Paragraph 3**

Bank admits that venue is proper in this district.

**Paragraph 4**

**Plaintiff Todd Pearson is a natural person and citizen of the State of Illinois, residing at 887 East Schirra Drive, Palatine, Illinois 60074.**

**Answer to Paragraph 4**

Bank admits that Plaintiff is a person. Bank lacks information sufficient to form a belief as to the truth or falsity of the remaining matters alleged in this paragraph.

**Paragraph 5**

**World Financial Network National Bank is a business entity organized and existing under the laws of the United States of America that regularly conducts business in Cook County, Illinois.**

**Answer to Paragraph 5**

Bank admits the allegations contained in this paragraph.

**Paragraph 6**

**Defendant regularly provides financing to customers of Harlem Furniture, LLC ("Harlem Furniture") which has a branch located at 40 East Rand Road, Arlington Heights, Illinois 60004 as well as in several other branches throughout the City of Chicago.**

**Answer to Paragraph 6**

Bank admits that it issues private label revolving credit card accounts to certain Harlem Furniture customers, for use at Harlem Furniture's stores at 40 East Rand Road, Arlington Heights, Illinois 60004 and elsewhere, and on the internet. Bank denies the remaining allegations contained in this paragraph.

**Paragraph 7**

**In December of 2005 Plaintiff and his then fiancée, Lana Mathis ("Mathis"), purchased furniture from Harlem Furniture.**

**Answer to Paragraph 7**

Bank admits that, according to its records, in December 2005 certain furniture was purchased from Harlem Furniture on a revolving credit card account jointly opened by and issued to Mathis and Pearson. Except as specifically admitted, Bank lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

**Paragraph 8**

**Plaintiff and his fiancée financed the purchase and paid off the balance of the loan within approximately four to six months.**

**Answer to Paragraph 8**

Bank admits that the balance due for the furniture purchased in December 2005 from Harlem Furniture on the revolving credit card account jointly opened by and issued to Mathis

3

and Pearson was paid off. Bank lacks knowledge sufficient to form a belief as to the truth or

falsity of the allegation that Mathis was Pearson's fiancée. Bank denies the remaining

allegations contained in this paragraph.

**Paragraph 9**

    **In August of 2006, after their relationship was terminated, Mathis made a purchase from the aforesaid branch of Harlem Furniture in the amount of $7,986.46 on her own behalf. Plaintiff had no knowledge and no involvement in the purchase.**

**Answer to Paragraph 9**

    Bank admits that a purchase was made on the revolving credit card account jointly

opened by and issued to Mathis and Pearson from the aforesaid branch of Harlem Furniture in

the amount of $7,986.46 in August 2006. Except as specifically admitted, Bank lacks

information sufficient to form a belief as to the truth or falsity of the matters alleged in this

paragraph.

**Paragraph 10**

    **On August 27, 2006, Mathis signed a contract acknowledging her purchase of the merchandise from the aforesaid branch of Harlem Furniture and Mathis financed the purchase through Defendant.**

**Answer to Paragraph 10**

    Bank admits that, according to its records, on August 27, 2006, a purchase was made

from the aforesaid branch of Harlem Furniture on the revolving credit card account jointly

opened by and issued to Mathis and Pearson in December 2005. Bank denies the remaining

allegations contained in this paragraph.

**Paragraph 11**

    **When Mathis failed to pay off the entire balance of the loan, Defendant began contacting Plaintiff for payment.**

**Answer to Paragraph 11**

      Bank admits that when Mathis and Pearson did not timely make payment on the balance

due on the revolving credit card account jointly opened by and issued to Mathis and Pearson in

December 2005, Bank contacted Pearson for payment.

**Paragraph 12**

      **As Plaintiff was never a co-borrower or co-signer for this recent purchase with
Mathis, he initially refused to pay the balance of the debt.**

**Answer to Paragraph 12**

      Bank admits that Pearson initially refused to pay the balance of the debt.    Bank denies

the remaining allegations contained in this paragraph.

**Paragraph 13**

      **Upon information and belief, when Mathis purchased the merchandise, Defendant
used Plaintiff's information from his prior purchase with Mathis in 2005, and added his
name to Mathis' 2006 purchase and financing.**

**Answer to Paragraph 13**

      Bank denies the allegations contained in this paragraph.

**Paragraph 14**

      **On August 14, 2007, Plaintiff received a debt collection letter attempting to collect a
balance of $10,603.37 from Plaintiff and shortly thereafter began receiving telephone calls
attempt to collect on the debt.**

**Answer to Paragraph 14**

      Bank admits that a debt collection letter was sent to Pearson in August 2007 and that calls

were placed to Pearson thereafter.  Except as specifically admitted, Bank lacks information

sufficient to form a belief as to the truth or falsity of the matters alleged in this paragraph.

**Paragraph 15**

In November of 2007, Plaintiff accessed his credit file with Experian Information Solutions, Inc. and discovered the WFNNB/Harlem Furniture account reported as a joint account with Mathis and as charged off/past due in the amount of $10,603.

**Answer to Paragraph 15**

Bank lacks information sufficient to form a belief as to the truth or falsity of the matters alleged in this paragraph.

**Paragraph 16**

Defendant has also inaccurately reported Plaintiff as owing money and being untimely on his payment on a loan for which he did not apply.

**Answer to Paragraph 16**

Bank denies the allegations contained in this paragraph.

**Paragraph 17**

Plaintiff, in turn, has disputed the inaccurate information in writing with the credit reporting agencies following established procedures for disputing consumer credit information.

**Answer to Paragraph 17**

Bank lacks information sufficient to form a belief as to the truth or falsity of the matters alleged in this paragraph.

**Paragraph 18**

Notwithstanding Plaintiff's effort, the credit reporting agency has sent Plaintiff correspondence as recently as December of 2007 indicating its intent to continue publishing the inaccurate derogatory credit information after verifying the information in question with Harlem Furniture, LLC.

**Answer to Paragraph 18**

Bank lacks information sufficient to form a belief as to the truth or falsity of the matters alleged in this paragraph.

**Paragraph 19**

Additionally, Plaintiff has disputed the inaccurate information concerning the Harlem Furniture, LLC account directly with Defendant, following Defendant's procedure for disputes.

**Answer to Paragraph 19**

Bank denies the allegations contained in this paragraph.

**Paragraph 20**

Defendant has failed to conduct timely and reasonable investigations and correct the inaccurate and derogatory credit reporting and also to correct the inaccurate billing.

**Answer to Paragraph 20**

Bank denies the allegations contained in this paragraph.

**Paragraph 21**

As a result of Defendant's conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses, out-of-pocket expenses including, but not limited to, local or long distance telephone calls, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

**Answer to Paragraph 21**

Bank denies the allegations contained in this paragraph.

**Paragraph 21 [sic]**

As a result of Defendant's conduct, Plaintiff has suffered great embarrassment, humiliation, and emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

**Answer to Paragraph 21**

Bank denies the allegations contained in this paragraph.

**Paragraph 23**

As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

**Answer to Paragraph 23**

Bank denies the allegations contained in this paragraph.

**Paragraph 24**

At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

**Answer to Paragraph 24**

Bank denies the allegations contained in this paragraph.

**Paragraph 25**

At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

**Answer to Paragraph 25**

Bank denies the allegations contained in this paragraph.

<u>**COUNT ONE**</u>

**Paragraph 26**

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**Answer to Paragraph 26**

Bank incorporates its answers to Paragraphs 1-25 above as and for its answer to this

Paragraph 26 of Count One.

**Paragraph 27**

Pursuant to 15 U.S.C. § 1640(a) Defendant is liable to the Plaintiff for engaging in the following conduct:

(a)    advising Plaintiff that he was responsible to pay the full amount of the unauthorized and fraudulent loan in violation of 15 U.S.C. § 1643;

(b)    demanding that Plaintiff make payment for the interest on the full amount of the unauthorized and fraudulent loan in violation of 12 C.F.R. § 226(d)(1);

(c)    reporting Plaintiff to the credit reporting agencies as owing money and being delinquent on his payments on a loan when Defendant knew that the loan was unauthorized and fraudulent and that Plaintiff had disputed the balance in violation of 15 U.S.C. § 1666a and 12 C.F.R. § 226.13(d)(2); and

(d)    continuing to report Plaintiff as owing money and being delinquent in his payments on a loan after Plaintiff additionally disputed the inaccurate information with the credit reporting agencies when Defendant knew that the loan was unauthorized and fraudulent and that Plaintiff had disputed the balance in violation of 15 U.S.C. § 1666a.

**Answer to Paragraph 27**

Bank denies the allegations contained in this paragraph.

**Paragraph 28**

The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, and actual damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**Answer to Paragraph 28**

Bank denies the allegations contained in this paragraph.

## COUNT TWO

**Paragraph 29**

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**Answer to Paragraph 29**

Bank incorporates its answers to Paragraphs 1-28 above as and for its answer to this

Paragraph 29 of Count Two.

**Paragraph 30**

**At all times pertinent hereto, Defendant was a "person" as that term is defined by U.S.C. § 1681a(b).**

**Answer to Paragraph 30**

Bank admits the allegations contained in this paragraph.

**Paragraph 31**

**Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):**

(a)     **willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff's disputed;**

(b)     **willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant;**

(c)     **willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;**

(d)     **willfully and negligently failing to provide any and all credit reporting agencies with the factual information and evidence that Plaintiff submitted to Defendant, and which proved that the information concerning the Plaintiff's credit reports was inaccurate;**

(e)     **willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning the Plaintiff to credit reporting agencies and other entities; and**

(f)     **willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).**

**Answer to Paragraph 31**

Bank denies the allegations contained in this paragraph.

10

**Paragraph 32**

     **Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, as may be permitted by law.**

**Answer to Paragraph 32**

     Bank denies the allegations contained in this paragraph.

## COUNT THREE

**Paragraph 33**

     **Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.**

**Answer to Paragraph 33**

     Bank incorporates its answers to Paragraphs 1-32 above as and for its answer to this

Paragraph 33 of Count Three.

**Paragraph 34**

     **Defendant's conduct of (upon information and belief) placing his name on a loan which Plaintiff did not apply for was deceptive and unfair and done solely to extort and obtain financial gain it was not otherwise entitled.**

**Answer to Paragraph 34**

     Bank denies the allegations contained in this paragraph.

**Paragraph 35**

     **Defendant intended Plaintiff to rely on the aforementioned deceptive acts.**

**Answer to Paragraph 35**

     Bank denies the allegations contained in this paragraph.

## Paragraph 36

**The deception of the Defendant occurred in the course of conduct involving trade or commerce.**

## Answer to Paragraph 36

Bank denies the allegations contained in this paragraph.

## Paragraph 37

**Defendant's deception proximately caused Plaintiff's injuries.**

## Answer to Paragraph 37

Bank denies the allegations contained in this paragraph.

## Paragraph 37 [sic]

**Plaintiff demands trial by jury on all issues so triable.**

## Answer to Paragraph 37

Bank admits that Plaintiff demands trial by jury on all issues so triable.

WHEREFORE, defendant, World Financial Network National Bank, requests that the Court dismiss the Complaint with prejudice and award defendant its attorneys' fees and costs incurred in defending this action and such other and further relief as the Court deems appropriate.

## THIRD-PARTY COMPLAINT

Third-party plaintiff, World Financial Network National Bank ("Bank"), for its complaint against third-party defendant, Lana Kay Mathis ("Mathis"), states as follows:

## Introduction

1.      The plaintiff, Todd Pearson ("Pearson"), was liable for all debts incurred on the joint credit card account which he and Mathis opened with Bank, regardless of whether he

12

authorized the specific purchases made in that account. Accordingly, Pearson was liable for the purchase made in the account in August 2006, and Bank properly reported to credit reporting agencies when Pearson and Mathis failed to timely make payments due for that purchase and when the account was ultimately settled for a payment that was less than the full amount due.

2.      This third-party complaint is premised on Pearson's allegation that he is not responsible for the August 2006 purchase because he did not agree to that purchase. As set forth below, while Bank disputes that allegation, if the Court finds that Pearson was not responsible for payment of the debt related to that purchase and that Bank is therefore liable to Pearson for reporting the account under his name, then Bank is entitled to recover from Mathis for fraud for any such amounts which the Bank is determined to owe to Pearson.

## The Parties and Jurisdiction

3.      Bank is a business entity organized and existing under the laws of the United States of America that regularly conducts business in Cook County, Illinois.

4.      Mathis is an individual residing in Cook County, Illinois.

5.      The Court has jurisdiction over Pearson's claim against Bank pursuant to 28 U.S.C. §§ 1331 and 1337. The Court has supplemental jurisdiction over Bank's claim against Mathis pursuant to 28 U.S.C. § 1367(a).

## The Account

6.      Bank issues private label revolving credit card accounts to certain Harlem Furniture customers, for use at Harlem Furniture's stores and on the internet.

7.      In December, 2005, Mathis and Pearson jointly opened a revolving credit card account with Bank for use for purchases at Harlem Furniture ("the Account"). Both Mathis and

13

Pearson agreed to be jointly liable for charges made to the Account and agreed to abide by the terms of the credit card agreement.

### The August 2006 Purchase

8.      On information and belief, in August 2006, Mathis used the credit card for the Account to make a purchase of furniture at Harlem Furniture in the amount of $7,986.46 ("the Purchase").

9.      By using the credit card, Mathis requested that Bank extend her and Pearson credit in the amount of $7,986.46, jointly and severally, for the Purchase. Mathis impliedly represented that she was doing so with the knowledge and permission of Pearson and that Pearson would be jointly and severally liable for the repayment of the debts incurred in the Account for the Purchase pursuant to the terms of the credit card agreement. Neither Mathis or Pearson advised Bank that Pearson's name should be removed from the Account, that Mathis did not have Pearson's permission to make the Purchase, or that Pearson no longer agreed to be responsible for debts incurred in the Account.

10.     In reliance upon the aforesaid representation and omissions, Bank accepted Mathis' request for an extension of credit on the joint Account and issued payment to Harlem Furniture in August 2006 for the Purchase.

11.     Mathis and Pearson failed to pay the balance due on the Account in a timely manner and in accordance with the terms of the credit card agreement.

12.     When Mathis and Pearson failed to make timely payments on the Account as required, Bank properly reported the delinquency to certain credit reporting agencies for both Mathis and Pearson, as joint owners of the Account.

14

### The Settlement

13.    In August 2007, the Account was settled by payment in an amount equal to 70% of the balance then due, and Bank agreed to accept that settlement as payment in full of the Account.

14.    Bank thereafter reported to certain credit reporting agencies, for both Mathis and Pearson as joint owners of the Account, that the Account had been settled for less than the full amount due.

### Pearson's Claim

15.    Pearson now denies that he authorized the Purchase and denies that he was liable for debts incurred in the Account related to the Purchase.

16.    While Bank contends that Pearson was liable for debts in the Account whether or not he authorized the Purchase, in the event Pearson is correct that he was not so liable, then Mathis' representation to Bank as alleged in Paragraph 9 above was materially false, Mathis had a duty to advise Bank that Pearson no longer agreed to be responsible for debts incurred in the Account, Mathis' failure to advise Bank that Pearson no longer agreed to be responsible for debts in the Account was a material omission, and Mathis' misrepresentation and omissions were intentionally made for the purpose of wrongfully obtaining credit from Bank.

17.    Pearson now claims that Bank has violated the Fair Credit Reporting Act by reporting information regarding the Account to credit reporting agencies under Pearson's name, and by failing to properly investigate and remedy Pearson's complaints about that reporting. In the event Bank is found liable for those purported violations, Bank is entitled to recover from Mathis for the amount of any such liability because Bank reasonably relied upon Mathis' false representation and omissions in extending credit to her and Pearson, in settling the Account, and

15

in reporting information regarding the Account (including delinquency of payment and the settlement of the Account for less than the full amount due) to the credit reporting agencies. Additionally, Bank is entitled to recover from Mathis for its costs, including attorneys' fees, incurred in responding to Pearson's lawsuit.

WHEREFORE, third-party plaintiff, World Financial Bank, requests that the Court enter judgment in its favor and against third-party defendant, Lana Kay Mathis, in the amount of any judgment which may be rendered against Bank on the claims of plaintiff, Todd Pearson, plus costs and attorneys' fees incurred in defending Pearson's claim.

Respectfully submitted,


/s/ Marshall L. Blankenship
One of the attorneys for defendant, World Financial
Network National Bank


James D. Adducci
Marshall L. Blankenship
Adducci, Dorf, Lehner, Mitchell
    & Blankenship, P.C.
150 North Michigan Avenue
Suite 2130
Chicago, Illinois 60601
312/781-2800

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for defendant, certifies that on May 30, 2008, he caused a copy of the foregoing Answer and Third-Party Complaint to be mailed, first-class postage prepaid, to:

> Larry P. Smith, Esq.
> Larry P. Smith & Associates, Ltd.
> 205 N. Michigan Avenue, Suite 4000
> Chicago, IL  60601

/s/ Marshall L. Blankenship

17